AO 245B  (Rev 02/18)  Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.

Rashica Shaguana Ford

**AMENDED JUDGMENT IN A CRIMINAL CASE**

CASE NUMBER:   8:17-cr-511-T-24AEP
USM NUMBER:   69617-018[1]

Defendant's Attorney:   Matthew Luka, CJA

THE DEFENDANT:

 X  was found guilty on Count One of the Indictment after a plea of not guilty.

| TITLE & SECTION | NATURE OF OFFENSE | OFFENSE ENDED | COUNT |
|---|---|---|---|
| 18 U.S.C. §§ 844(i) and 844(n) | Conspiracy to Commit Arson | March 11, 2015 | One |

The defendant is sentenced as provided in pages 2 through 6 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant shall notify the court and United States. Attorney of any material change in economic circumstances.

Date of Imposition of Sentence: September 20, 2018

**SUSAN C. BUCKLEW**
**UNITED STATES DISTRICT JUDGE**
DATE:  September **21** , 2018

---

[1]  Amended to reflect the Defendant's correct USM identification number.

AO 245B  (Rev 02/18)  Judgment in a Criminal Case
Sheet 2 - Imprisonment

| Defendant: | Rashica Shaguana Ford | Judgment - Page 2 of 6 |
|---|---|---|
| Case No.: | 8:17-cr-511-T-24AEP | |

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: **ONE HUNDRED AND TEN (110) MONTHS.**

 X  The Court makes the following recommendations to the Bureau of Prisons: Defendanr is to be confined at FCI Tallahasee; Defendant to participate in a mental health treatment and substance abuse program, while serving her term of incarceration; and Defendant to participate in any available vocational job training, including but not limited to, cosmetology and culinary classes.

 X  The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

Defendant delivered on _____ to _____

at_____, with a certified copy of this judgment.

_____

UNITED STATES MARSHAL

By:_____

DEPUTY UNITED STATES MARSHAL

AO 245B  (Rev 02/18)  Judgment in a Criminal Case
Sheet 3 - Supervised Release

| | | |
|---|---|---|
| Defendant: | Rashica Shaguana Ford | Judgment - Page _3_ of _6_ |
| Case No.: | 8:17-cr-511-T-24AEP | |

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **THREE (3) YEARS.**

## MANDATORY CONDITIONS

1.    You must not commit another federal, state or local crime.
2.    You must not unlawfully possess a controlled substance.
3.    You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
4.    You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution.
5.    You must cooperate in the collection of DNA as directed by the probation officer.

You must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

AO 245B  (Rev 02/18)  Judgment in a Criminal Case
           Sheet 3A - Supervised Release

| | |
|---|---|
| Defendant:    Rashica Shaguana Ford | Judgment - Page 4 of 6 |
| Case No.:      8:17-cr-511-T-24AEP | |

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1.  You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2.  After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3.  You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4.  You must answer truthfully the questions asked by your probation officer.
5.  You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6.  You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7.  You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8.  You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9.  If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. I understand additional information regarding these conditions is available at the www.uscourts.gov.

Defendant's Signature _____     Date _____

AO 245B  (Rev 02/18)  Judgment in a Criminal Case
Sheet 3D - Supervised Release

| | |
|---|---|
| Defendant:   Rashica Shaguana Ford | Judgment - Page _5_ of _6_ |
| Case No.:    8:17-cr-511-T-24AEP | |

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall also comply with the following additional conditions of supervised release:

__X__    You shall participate in a substance abuse program (outpatient and/or inpatient) and follow the Probation Officers instructions regarding the implementation of this court directive. Further, you shall be required to contribute to the costs of these services not to exceed an amount determined reasonable by the Probation Officer's Sliding Scale for Substance Abuse Treatment Services.  During and upon the completion of this program, you are directed to submit to random drug testing.

__X__    You shall participate in a mental health treatment program (outpatient and/or inpatient) and follow the Probation Officer's instructions regarding the implementation of this court directive.  Further, you shall contribute to the costs of these services not to exceed an amount determined reasonable by the Probation Office's Sliding Scale for Mental Health Treatment Services.

__X__    You shall be prohibited from incurring new credit charges, opening additional lines of credit, or obligating yourself for any major purchases without approval of the probation officer.

__X__    You shall provide the probation officer access to any requested financial information.

AO 245B  (Rev 02/18)  Judgment in a Criminal Case
Sheet 5/6 - Criminal Monetary Penalties & Schedule of Payments

| | |
|---|---|
| Defendant:     Rashica Shaguana Ford | Judgment - Page _6_ of _6_ |
| Case No.:     8:17-cr-511-T-24AEP | |

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments.

| | Assessment | JVTA Assessment * | Fine | Total Restitution |
|---|---|---|---|---|
| Totals: | $100.00 | N/A | Waived | $647.00 |

| Name of Payee | Restitution Ordered |
|---|---|
| Affordable Real Estate Insurance Company 5829 26th St. W. Bradenton, FL 34207 | $647.00 |

Payable to the:
Clerk of U.S. District Court
c/o Debt Collection
401 West Central Blvd.
Orlando, Florida 32801
(For distribution to victims)

Total:          $647.00

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

 X     Lump sum payment of **$100.00** due immediately.

 X     Special instructions regarding the payment of criminal monetary penalties: While in Bureau of Prisons custody, you shall either (1) pay at least $25 quarterly if you have a non-Unicor job or (2) pay at least 50% of your monthly earnings if you have a Unicor job. Upon release from custody, you shall pay restitution at the rate of $25 per month. At any time during the course of post-release supervision, the victim, the government, or the defendant, may notify the Court of a material change in the defendant's ability to pay, and the Court may adjust the payment schedule accordingly.

Unless the Court has expressly ordered otherwise, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

 X     Joint and Several

     Restitution shall be paid jointly and severally with co-defendants, Jodarin Marquis Whitfield and Herbert Adelphus Pinckney.

     Payments shall be applied in the following order:  (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution,  (7) JVTA assessment, (8) penalties,and (9) costs, including cost of prosecution and court costs.

**The Court finds that the defendant does not have the ability to pay interest and the Court waives the interest requirement for the restitution.**